**STATE of Tennessee, Appellee,**

v.

**Jeffrey L. BOGGS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 24, 1992.

Robert J. Jessee, Johnson City, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Jeannie Kaess, Asst. Atty. Gen., Nashville, Joe C. Crumley, Jr., Asst. Dist. Atty. Gen., Jonesborough, for appellee.

## OPINION

DWYER, Judge.

This is an appeal by Jeffrey L. Boggs from his guilty plea before the Washington County Criminal Court for D.U.I., first offense. For both substantive and procedural reasons, we find this appeal to be without merit.

The record reveals that on the 21st day of September, 1991 appellant was charged with felony reckless endangerment and driving under the influence. Prior to trial, the State amended the felony reckless endangerment warrant to a misdemeanor charge. On October 29, 1991, the appellant was tried and convicted of the offenses of reckless driving and driving under the influence in the General Sessions Court for Washington County.

Appellant appealed his conviction of driving under the influence; however, the conviction of reckless driving was not appealed. On January 17, 1992, in the Criminal Court for Washington County, the appellant entered a guilty plea to D.U.I. and explicitly reserved a certified question of law regarding whether his conviction for D.U.I. was barred by the double jeopardy clauses of the United States and Tennessee Constitutions. Specifically, appellant relies on *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) in contending that the State's proof to a charge of driving under the influence would include, in its entirety, the proof of appellant's reckless and erratic manner of driving.

■ As to appellant's general contention that his prosecution for both reckless endangerment and D.U.I. resulted in a constitutional abridgement, the Double Jeopardy Clause embodies three protections:

It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). In the case *sub judice,* the subject proceedings involved neither second prosecutions nor multiple punishments for the same offense. *See* T.C.A. § 55–10–401; T.C.A. § 39–13–103. Appellant's convictions for D.U.I. and reckless driving in the Sessions Court were imposed in a single prosecution.

With respect to appellant's specific contention that he has been exposed to double jeopardy under the holding of *Grady,* we do not agree. In *Grady,* the Court reiterated the traditional *Blockburger* test. *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). If application of that test reveals that the offenses have identical statutory elements or that one is a

lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. *Grady v. Corbin*, 495 U.S. at 515–16, 110 S.Ct. at 2090, citing *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977).

Here, the offenses neither have identical statutory elements, nor is one a lesser included offense of the other. In Tennessee, a person commits reckless endangerment when he "recklessly engages in conduct which places or may place another person in the imminent danger of death or serious bodily injury." T.C.A. § 39–13–103. Conversely, a person commits the offense of driving under the influence when he drives a motor vehicle on a public street while under the influence of an intoxicant. T.C.A. § 55–10–401.

The Court in *Grady*, however, went on to note that a technical comparison of the elements of the two offenses as required by the *Blockburger* test—which was developed in the context of multiple punishments imposed in a single prosecution—does not sufficiently protect defendants from the burdens of multiple trials. Accordingly, an additional inquiry is required in determining whether the government has used conduct in the subsequent prosecution that constitutes an offense for which the defendant has already been prosecuted.

We reiterate that here the appellant was convicted of both D.U.I. and reckless endangerment under a single prosecution and not within the meaning of a "subsequent prosecution" as expounded in *Grady*. The reckless endangerment warrant reveals that appellant was observed driving at a high rate of speed, running numerous stop signs, nearly running over at least one pedestrian, and losing control of the vehicle causing it to leave the road. With respect to the D.U.I. warrant, appellant was observed driving in a reckless and erratic manner, as being very unsteady on his feet, his eyes were bloodshot and glassy, he had a strong odor of an intoxicated beverage about his person, and he was very combative and unable to follow instructions of any kind.

In essence, we find that appellant's prosecution for reckless endangerment and D.U.I. was based upon distinct conduct. Furthermore, we disagree with appellant's averment that the State's proof to the charge of driving under the influence included, in its entirety, proof of appellant's reckless driving.

■ Additionally, we note procedural reasons for denying appellant's claim. Originally, appellant was tried and convicted of the offenses of driving under the influence and reckless driving in General Sessions Court. He chose to appeal the D.U.I. charge, as a matter of *de novo* review, while allowing the conviction for reckless driving to become final. When the appellant then opted to plead guilty to D.U.I., his certified question of law became moot in that said indictment offense alone is now before this Court for appellate review. The conviction for reckless driving is not before this Court, nor is it now relevant to appellant's double jeopardy argument.

In *Grady*, the Court reasoned that the State should not be allowed to make repeated attempts to convict an individual for an alleged offense, or have the opportunity to rehearse its presentation of proof via successive or subsequent prosecutions. Such was not the case here. Justice Brennan, in speaking for the Court, insisted that with adequate preparation and foresight the State could have prosecuted the defendant for the offenses charged under a single proceeding, as was done here.

This appeal is found to be without merit. Accordingly, the judgment of the trial court is affirmed.

PEAY and SUMMERS, JJ., concur.