**Michael A. FOURNIER, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 26, 1996.

No Permission to Appeal Applied for to the Supreme Court.

Charles W. Burson, Attorney General & Reporter and William David Bridgers Assistant Attorney General, Criminal Justice Division, Nashville, and William Michael McCown, District Attorney General and Weakley E. Barnard, Asst. Dist. Attorney General, Lewisburg, for appellee.

## OPINION

SUMMERS, Judge.

The petitioner, Michael A. Fournier, was tried in the general sessions court for Mar-

shall County on a warrant charging him with driving under the influence (fifth offense).[1] Following the proof, the judge took the case under advisement. Two weeks later, the judge announced that he had found the petitioner guilty of DUI. Petitioner's counsel was shocked because he had had *ex parte* communications with the judge and thought the judge was going to find the petitioner not guilty. Counsel approached the bench and reminded the judge of his earlier statement. The judge agreed to find the petitioner guilty of reckless driving and noted such on the warrant.

The petitioner did not appeal the conviction to the circuit court but later filed a petition for post-conviction relief attacking the reckless driving conviction. Following a hearing, the circuit judge dismissed the petition. From that dismissal he appeals claiming that the trial judge erred in dismissing the petition. We reverse and remand with instructions as set out below.

■ The state initially argues that the petitioner has waived his right to postconviction relief. A ground for relief is waived "if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn.Code Ann. § 40–30–112(b)(1) (1990). Here, the petitioner was convicted of reckless driving in general sessions court. He failed to exercise his right to appeal to the Marshall County Circuit Court for a trial *de novo*. However, because this defense of waiver was not presented prior to the hearing, the trial judge's hearing on the merits "pretermitted consideration of the procedural bar" and likely precluded application of this waiver defense. *Coker v. State*, 911 S.W.2d 357, 366 (Tenn.Crim.App.1995). Thus, we will address his petition on its merits.

The testimony at the post-conviction hearing revealed that defense counsel and the general sessions judge spoke briefly at a restaurant some time after the judge had taken the petitioner's case under advisement. Counsel understood the judge to say that he was going to find the petitioner not guilty of the DUI charge. However, when the court reconvened some two weeks later for the announcement in the petitioner's case, the judge said he had found the petitioner guilty of DUI. Somewhat stunned, counsel remarked that he "just about choked" when the announcement was made. Unwittingly, counsel had told the petitioner that the judge was not going to find him guilty. Defense counsel approached the bench and reminded the trial judge of his earlier *ex parte* statement. He also informed the judge that he had relayed the substance of their conversation to his client.

The general sessions judge testified at the post-conviction hearing that he told counsel the earlier statement was not on the record and had been misunderstood. He added that he had not intended to give counsel the impression that his client would be found not guilty. However, because it was his policy "not to make attorneys look bad," he agreed to find the petitioner guilty of reckless driving. Though the testimony conflicted as to how this transpired, the post-conviction judge found that defense counsel and petitioner had suggested the reckless driving alternative. He also found that based upon the petitioner's suggestion, the general sessions judge had agreed to find the petitioner guilty of reckless driving.[2]

■ The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. *Butler v. State*, 789 S.W.2d 898, 899–900 (Tenn.1990). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. *Black v. State*, 794 S.W.2d 752, 755 (Tenn.Crim.App.1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this Court. *Id.* The petitioner carries the bur-

---

1. We note that the DUI statute provides for a "third or subsequent" violation rather than DUI (5th Offense). *See* Tenn.Code Ann. § 55–10–403 (1993 & Supp.1995).

2. The record also shows that the district attorney's representative was not in the courtroom when these negotiations took place.

den of establishing that the evidence preponderates otherwise. *Id.*

We note the highly irregular circumstances surrounding this case and the impropriety of *ex parte* communications between a judge and counsel.[3] Although no rule of law is designed to apply precisely to the facts of this case, our goal is to provide equitable relief to all parties. We also acknowledge the various constitutional rights of the petitioner as well as the interest of the state in exercising its duty to represent its citizens. With these underlying concerns in mind, we address the merits of petitioner's claim.

The petitioner argues that he never consented to nor was he aware of an amendment to the DUI charge to reckless driving. Thus, he seeks to have the reckless driving conviction rendered void but wants to be rid of the DUI charge as well. The petitioner, in effect, has gotten out of the trap but now wants to return for the cheese.[4]

■ The petitioner correctly cites *Murff v. State*, 221 Tenn. 111, 425 S.W.2d 286, 288 (1967) for the proposition that a warrant cannot be amended if the nature of the offense is changed or a new offense added. Further, we recognize that reckless driving is not a lesser included offense of DUI. *Ray v. State*, 563 S.W.2d 218, 219 (Tenn.Crim. App.1977) (holding that a warrant charging DUI could not be amended to charge reckless driving). However, we find neither holding useful in the present case.

■ Looking specifically at the pertinent events surrounding the conviction, we see that the general sessions judge, having had the case under advisement, announced in open court that he had found the petitioner guilty of DUI. This decision followed a full hearing on the merits. Only when counsel reminded the court of the *ex parte* communication, did the trial judge charitably decide to rescue him. The assistant district attorney general was not present when the announcement was made. We agree with the petitioner that the DUI conviction should not have

been changed to reckless driving. Accordingly, the judgment of conviction for reckless driving is rendered void and is vacated.

■ However, the state should not be penalized nor should the petitioner benefit from the unusual turn of events. As noted above, the petitioner is no novice to the legal system. Our aim is to put the parties in the position they occupied at the time of the proper announcement of the verdict. In the interest of justice and equity to all parties, we, therefore, remand to the Circuit Court for Marshall County with instruction to further remand to the general sessions court for the entry of judgment of the appropriate disposition as to the original DUI charge. More specifically, we return the status of this case to the point where the general sessions judge was prepared to announce his decision after having had the case under advisement. The general sessions judge shall then render a verdict. Let the chips fall as they may.

The petitioner has partially met his burden in that the reckless driving conviction is void. However, the remaining matter is remanded to the Circuit Court for Marshall County with instructions as set forth in this opinion.

WELLES, J., concurs.

TIPTON, J., dissents.

TIPTON, Judge, dissenting.

I dissent. For post-conviction relief purposes, I believe that the petitioner neither alleged nor proved any violation of his constitutional rights that would justify vacating the judgment convicting him of reckless driving. The petition—originally filed improperly in the general sessions court—simply alleges that reckless driving is not a lesser included offense of DUI and "therefore the conviction entered in the 8th day of June, 1993 by the General Sessions Court of Marshall County is void." It contains no explanation of why a direct appeal was not pursued nor does it identify the specific constitutional right that has been violated.

---

3. *See* Tenn.R.S.Ct. 10.

4. The petitioner is no neophyte to the legal system. In 1990, he was similarly charged with DUI, which apparently was "amended" to reckless driving. He has been in this situation before.

At the beginning of the post-conviction evidentiary hearing, the petitioner again claimed that the reckless driving conviction was void. At the end of the hearing the petitioner argued that he was not advised of his rights when the reckless driving conviction was entered and that he did not agree to such a conviction. The trial court found that the warrant was effectively amended to reckless driving with the agreement of the petitioner, through his counsel and with counsel's advice. It noted that the petitioner made no claim of ineffective assistance of counsel and concluded that the conviction upon the amended warrant for reckless driving was valid.

I believe that the record before us shows, without question, that the determination of guilt for reckless driving in the original prosecution resulted from a decision reached with the consent of the petitioner and his counsel. It also shows that the result was obtained through a rough-hewn amendment to the DUI warrant, effectively changing it to a reckless driving warrant. Any disagreement, objection, or concern then existing in the petitioner's mind should have been addressed in an appeal of the conviction to the circuit court.

For the first time, the petitioner's brief on appeal states that the post-conviction petition was "on the primary grounds of ineffective assistance of counsel ...," a statement that is patently incorrect. Also, his brief asserts that the charging warrant could not be amended without his consent or after jeopardy attached. However, it ignores the trial court's finding that the petitioner agreed to the amendment. There simply exists no basis for granting any form of post-conviction relief.

In this respect, I cannot agree with the result reached in the majority opinion. As that opinion indicates, this case presents a disturbing picture of convenient justice that should not be condoned in a society governed by the rule of law. The result reached in the majority opinion constitutes fitting irony, indeed, in terms of granting the petitioner "relief" that actually places him back in the position of facing a charge of DUI third or subsequent offense—from the frying pan into the fire. But I fear, though, that it would take our ignoring the post-conviction law to do so. We should not give in to the temptation. The fact that a "great road through the law"[1] was cut by the petitioner, his original counsel and the general sessions judge for some mutually convenient purpose should not mean that we ought to travel the same road—no matter how poetic or apt the justice we see at road's end. Therefore, I dissent.

1. In Robert Bolt's *A Man for All Seasons*, the following is attributed to Thomas More:
   "Would you cut a great road through the law to get after the devil? ... and when the last law was down, and the devil turned round on you— where would you hide ... the laws all being flat?"
   "Yes, I'd give the devil benefit of law, for my own safety's sake."