# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1998



**FILED**

**December 11, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 02C01-9709-CR-00344** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **SHELBY COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. JOSEPH DAILEY** |
| **JOHNNY LAWRENCE,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (DUI—Second, Reckless Driving) |


## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SHELBY COUNTY


FOR THE APPELLANT:

A.C. WHARTON
Public Defender

WALKER GWINN
Assistant Public Defender
201 Poplar Avenue
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM GIBBONS
District Attorney General

DAVID C. HENRY
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103


OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Johnny Lawrence, pursuant to Tennessee Rule of Appellate Procedure 3(b), appeals as of right his convictions for driving under the influence of an intoxicant—second offense and reckless driving. The sole issue for review by this Court is whether his conviction on both charges under the facts of this case violates Defendant's right against double jeopardy as provided by the Tennessee Constitution. We conclude that it does not, and we affirm the verdict of the jury as approved by the trial court.

According to the proof at trial, Defendant was stopped in his vehicle at approximately 7:00 a.m. on October 8, 1995 by Officer Williams of the Memphis Police Department. Officer Williams testified at trial that he noticed Defendant drive both right tires of his car over a curb as he exited the parking lot of a bank and entered a Memphis street. Williams followed Defendant for a short distance and observed the car "weaving across lanes of traffic." When the officer stopped Defendant and asked him to step out of the car, Defendant staggered, smelled of alcohol, and had slurred speech.

Officer Williams determined that, based upon his experience, Defendant had been driving in an impaired state due to alcohol consumption; and the officer drove Defendant to the location of DUI Officer E.W. White to undergo field sobriety testing. One of the officers informed Defendant of his rights and of the implied consent law; Defendant then refused to submit to an alcohol content test. Officer White videotaped the field sobriety tests administered—heel-to-toe walk

and index finger-to-nose—which Defendant failed.  According to the DUI Field Sobriety Report entered into evidence, Officer White also observed that Defendant's eyes appeared bloodshot and sleepy and that the odor of alcohol was strong.  In the report, White concurred in Officer Williams's conclusion that the effects of alcohol upon Defendant were "extreme."

This case is governed by the double jeopardy analysis announced by the supreme court in State v. Denton, 938 S.W.2d 373 (Tenn. 1996).  Curiously, the State neither cites this controlling opinion nor addresses its test, relying instead only upon an examination of this issue in terms of the "same elements" test of Blockburger v. United States, 284 U.S. 299 (1932).[1]  The Blockburger test is only a part of what we must consider for a double jeopardy challenge under the Tennessee Constitution.

In Denton, the supreme court examined double jeopardy principles in this state and clarified how Article I, section 10 of the Tennessee Constitution provides greater protection for the criminal defendant against double jeopardy than does the federal constitution.  That clarification emerged as a four-part test:

> [R]esolution of a double jeopardy punishment issue under the Tennessee Constitution requires the following: (1) a Blockburger analysis of the statutory offenses; (2) an analysis, guided by the principles of Duchac, of the evidence used to prove the offenses; (3) a consideration of whether there were multiple victims or discrete acts; and (4) a comparison of the purposes of the respective statutes.  None of these steps is determinative; rather the results of each must be weighed and considered in relation to each other.

Denton, 938 S.W.2d at 381 (discussing Blockburger v. United States, 284 U.S. 299 (1932), and Duchac v. State, 505 S.W.2d 237 (Tenn. 1973)); see State v.

---

[1]  Though, curiously again, the State does not cite to Blockburger as support for the "same elements" test.

Winningham, 958 S.W.2d 740, 743 (Tenn. 1997); State v. Hall, 947 S.W.2d 181, 183 (Tenn. Crim. App. 1997).

Applying that test to this case, we conclude that the factors weigh in favor of affirming Defendant's convictions for DUI and reckless driving as not violative of our double jeopardy protections under the state constitution. First, under the federal double jeopardy principles of Blockburger, the offenses are not the same and deserve no Fifth Amendment protection. See Blockburger, 284 U.S. at 304. The Supreme Court stated in Blockburger that "the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Id.

In 1995 the offense of DUI required (a) any person or persons to drive or be in physical control of a vehicle; (b) on any public road, highway, street, or alley, or on the premises of any shopping center, trailer park, apartment complex, or other place generally frequented by the public at large; (c) while under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system. Tenn. Code Ann. § 55-10-401. The offense of reckless driving required (a) any person to drive any vehicle, (b) in willful or wanton disregard for the safety of persons or property. Id. § 55-10-205. DUI, then, lacks the element of willful and wanton disregard for safety, while reckless driving lacks the element of being under the influence of an intoxicant. In addition, this Court has previously held that reckless driving is not a lesser included offense of DUI. Fournier v. State, 945 S.W.2d 766, 769 (Tenn. Crim. App. 1996) (citing Ray v. State, 563 S.W.2d 218, 219 (Tenn. Crim. App. 1977)); cf. State v. Boggs, 865 S.W.2d 920, 921-22 (Tenn. Crim. App. 1992) (holding that

reckless endangerment, in vehicular context, is not a lesser included offense of DUI). These offenses fail to meet the Blockburger test to qualify as the "same offense" for double jeopardy purposes.

Next, we analyze whether, under the principles of Duchac v. State, 505 S.W.2d 237 (Tenn. 1973), the same evidence was used to convict Defendant of both DUI and reckless driving. "If the same evidence is not required [to prove each offense], then the fact that both charges relate to, and grow out of, one transaction, does not make a single offense where two are defined by the statutes." Id. at 239. Furthermore, "[t]here is no identity of offenses if on the trial of one offense proof of some fact is required that is not necessary to be proved in the trial of the other, although some of the same acts may necessarily be proved in the trial of each." Id.

Here, the evidence necessary to convict Defendant of reckless driving was the testimony by Officer Williams that Defendant drove over a curb in his attempt to access the public street and that he weaved across lanes of traffic while other vehicles shared the roadway. In contrast, proof that Defendant operated or was able to operate his vehicle; that he smelled strongly of alcohol; that he had bloodshot eyes and a slow, confused response; that he failed his field sobriety tests; and that he staggered and swayed was sufficient to convict Defendant of DUI. We find the necessary burdens of evidentiary proof for each offense sufficiently separate to constitute dissimilar offenses under the Duchac "same evidence" test. See, e.g., State v. Daniel Long, No. 02C01-9610-CC-00362, 1998 WL 74253, at *13 (Tenn. Crim. App., Jackson, Feb. 24, 1998) (concluding that "same evidence" test was not met in rape/sexual battery case in which

defendant both digitally penetrated victim, fondled victim's breasts, and forced victim to masturbate him with her hand during same period of time); cf. State v. Willie B. Jackson, No. 01C01-9702-CR-00054, 1998 WL 199992, at *10 (Tenn. Crim. App., Nashville, Apr. 23, 1998) (concluding that "same evidence" test was met in sale/delivery of cocaine case in which defendant sold cocaine but another actually delivered it; therefore trial court must have relied upon evidence of sale to convict defendant of delivery charge). Application of this factor weighs in favor of not barring a conviction for both offenses.

Third, we consider whether the proof showed "multiple victims or discrete acts." See State v. Denton, 938 S.W.2d 373, 381 (Tenn. 1996). In this case, the victims of both offenses were the State as the sovereign and the community at large. State v. Winningham, 958 S.W.2d 740, 746 (Tenn. 1997). Moreover, for the purpose of this case, we find only one physical act—driving a vehicle from the bank parking lot down the street. The additional evidence which constituted DUI was Defendant's state of impairment, not another "discrete act." Therefore, application of this factor tends to demonstrate that double jeopardy should bar conviction for both offenses.

Our last point of analysis is a comparison of the purposes of both statutes. In his well-written brief, Defendant correctly argues that both DUI and reckless driving "are part of the same code title and chapter and both are designed to deter and punish driving in such a way as to endanger others."

In State v. George Blake Kelly, No. 01C01-9610-CC-0048, 1998 WL 712268 (Tenn. Crim. App., Nashville, Oct. 13, 1998), a panel of this Court

concluded for double jeopardy analysis that vehicular assault and DUI have similar purposes, stating that the "aim of the DUI statute is to 'remove from the highways, prosecute and punish those who engage in the dangerous menace of driving under the influence.'" Id. at *10. We find that the purpose of reckless driving is very similar, just as we found regarding vehicular assault in Kelly. See id.

However, we believe that, if surveyed broadly enough, nearly any two criminal offenses can be considered of singular purpose. With respect to the offenses of DUI and reckless driving, we do not find that the purposes are so analogous as to cause the Denton scale to shift toward dismissing Defendant's conviction for reckless driving. Altogether, we conclude that application of the four factors weighs more heavily toward permitting prosecution and conviction for both offenses as constitutionally appropriate under the Tennessee Constitution.

We affirm Defendant's convictions for driving under the influence of an intoxicant—second offense and reckless driving.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE

_____
JOE G. RILEY, JUDGE