# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER SESSION, 1998

**FILED**

February 16, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9710-CC-00499 |
| | ) | |
| Appellee, | ) | |
| | ) | COFFEE COUNTY |
| V. | ) | |
| | ) | HON. GERALD L. EWELL, SR., |
| | ) | JUDGE |
| LEONARD HUSTON PRATER, JR., | ) | |
| | ) | |
| Appellant. | ) | (DUI, THIRD OFFENSE) |

## CONCURRING OPINION

As to the first issue, I agree with the author that the merger of the offenses, imposing only one sentence, eliminated the double jeopardy problem. Otherwise, State v. Denton, 938 S.W.2d 373 (Tenn. 1996), would have precluded dual convictions.

In Denton, our supreme court observed that "[t]he key issue in multiple punishment cases is legislative intent." 938 S.W.2d at 379. The court suggested a Blockburger analysis as the first step:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

Denton, 938 S.W.2d at 379 (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)).

Because each section of the DUI statute contains different elements, the Blockburger test would not preclude dual convictions. Blockburger, however, "is not conclusive." Denton, 938 S.W.2d at 379. Courts must also consider whether the same evidence is used to prove both offenses. Id. at 380. In Duchac v. State, 505 S.W.2d 237 (Tenn. 1973), our supreme court stated the rule as follows:

> One test of identity of offenses is whether the same evidence is required to prove them. If the same evidence is not required, then the fact that both charges relate to, and grow out of, one transaction, does not make a single offense where two are defined by the statutes.

Denton, 938 S.W.2d at 380 (quoting Duchac, 505 S.W.2d at 239). Finally, courts should examine other factors relative to legislative intent:

> (1) whether there were multiple victims involved;
> (2) whether several discrete acts were involved; and (3) whether the evil at which each offense is directed is the same or different.

Denton, 938 S.W.2d at 381 (footnote omitted).

Here, there was a single episode of driving under the influence of alcohol. The same evidence was used to prove both offenses. Moreover, each conviction arose under the same code section of the DUI statute, Tenn. Code Ann. § 55-10-401. In my view, the legislative intent would permit only one conviction.

_____
Gary R. Wade, Presiding Judge

2