IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2005

## STATE OF TENNESSEE v. GREGORY MULLINS

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S48,296-297     Jon K. Blackwood, Judge**

**No. E2004-02314-CCA-R3-CD - Filed August 25, 2005**

### CONCURRING AND DISSENTING OPINION

DAVID H. WELLES, J., dissenting.

I concur in the majority's decision finding the evidence sufficient to support the Defendant's convictions for violating the vehicle registration law, speeding, driving on a suspended license, and felony evading arrest. I respectfully disagree that principles of double jeopardy under Tennessee's constitution require the merger of the Defendant's conviction for misdemeanor evading arrest with his felony evading arrest conviction.

The majority relies on the Calloway decision as determinative of this issue. See State v. Prentice C. Calloway, No. M2004-01118-CCA-R3-CD, 2005 WL 1307800 (Tenn. Crim. App., Nashville, June 2, 2005). In that case, a panel of this Court utilized the four-prong test set forth in State v. Denton, 938 S.W.2d 373 (Tenn. 1996),[1] and concluded initially that the two offenses contained different statutory elements. See Calloway, 2005 WL 1307800, at *7. Thus, the Calloway panel determined that the offenses of misdemeanor evading arrest and felony evading arrest pass Blockburger scrutiny. See id. I agree with that aspect of the decision. Tennessee Code Annotated section 39-16-603(a)(1)(A) provides that "it is unlawful for any person to intentionally flee by any means of locomotion from anyone the person knows to be a law enforcement officer if the person . . . [k]nows the officer is attempting to arrest the person[.]" This offense is designated a Class A misdemeanor. See id. § 39-16-603(a)(1)(3). Tennessee Code Annotated section 39-16-603(b)(1)

---

[1]Specifically, we must consider a) whether each statutory provision under which the Defendant was convicted requires proof of a fact that the other does not; b) whether the same evidence is necessary to prove both offenses; c) whether the two offenses involved multiple victims or discrete acts; and d) whether the two offenses are aimed at different goals. 938 S.W.2d at 381. "No single aspect of this analysis is given controlling weight; each factor must be weighed and considered in relation to the others." State v. Goodwin, 143 S.W.3d 771, 781 (Tenn. 2004). However, "[t]he key issue in multiple punishment cases is legislative intent," and we are to presume that "the legislature does not ordinarily intend to punish the same offense under two different statutes." Denton, 938 S.W. 2d at 379.

provides that "[i]t is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop." This offense is designated a felony. See id. § 39-16-603(b)(3).

Thus, misdemeanor evading arrest may be committed "by any means of locomotion." Felony evading arrest, on the other hand, requires that the suspect be fleeing "while operating a motor vehicle on any street, road, alley or highway." Misdemeanor evading arrest also requires that the police officer be attempting to arrest the suspect and that the suspect realize this. Felony evading arrest requires only that the officer be attempting to stop the vehicle. Accordingly, as recognized by the majority and the panel of this Court that decided the Calloway case, these two statutory provisions have different elements. Differing elements indicate that the two offenses are not the same for double jeopardy purposes.

The Calloway panel next determined that the two offenses required different proof, again, a factor in favor of finding two separate offenses. See Calloway, 2005 WL 1307800, at *7. I also agree with that aspect of the decision. This prong of the analysis involves a consideration of the evidence required to prove each offense, as guided by the case of Duchac v. State, 505 S.W.2d 237, 239 (Tenn. 1973). See Denton, 938 S.W.2d at 381. Duchac provides that,

> If the same evidence is not required [to prove both offenses], then the fact that both charges relate to, and grow out of, one transaction, does not make a single offense where two are defined by the statutes. . . . [T]here is no identity of offenses if on the trial of one offense proof of some fact is required that is not necessary to be proved in the trial of the other, although some of the same acts may necessarily be proved in the trial of each.

505 S.W.2d at 239 (quoting 21 Am. Jur. 2d Crim. Law § 82). The Defendant contends in his brief that "his act of fleeing from Officer Hyatt by vehicle and subsequently on foot was a single act, that his sole intent and choice was to attempt to elude arrest." However, we must look to the proof required by each offense. Misdemeanor evading arrest requires that the State prove that the suspect fled an officer, by any means, while knowing that the officer was attempting to arrest him or her. The Defendant admits his commission of this crime. In order to prove felony evading arrest, the State had to prove that Officer Hyatt attempted to stop the Defendant while the Defendant was driving a vehicle, and that the Defendant thereafter intentionally fled or attempted to elude Officer Hyatt by continuing to drive the vehicle. The proof required was therefore different, and the proof actually adduced at trial was different. Indeed, the Defendant contends that he did not commit felony evading arrest because he was not driving the pickup at the time. That is, the Defendant admits the accuracy of some of the State's proof, but contests the different proof necessary to prove felony evading arrest. Officer Hyatt's testimony established the crime of felony evading arrest when he described the Defendant's acceleration to sixty miles per hour after Officer Hyatt signaled him to pull over by turning on his lights. The Defendant subsequently committed the crime of misdemeanor evading arrest as described by Officer Hyatt's testimony when, after the brown pickup came to a halt,

the Defendant exited the vehicle and ran off, trying to prevent Officer Hyatt from arresting him. The proof required by the offenses is different, and the proof adduced by the State at trial in support of each offense was different. Accordingly, this aspect of the analysis supports a finding that the two offenses are not the same for double jeopardy purposes.

In addressing the third prong of the <u>Denton</u> inquiry, the <u>Calloway</u> panel concluded that the offenses "did not involve multiple victims or multiple episodes." 2005 WL 1307800, at *7. I respectfully disagree with this portion of the <u>Calloway</u> decision and would therefore not follow it in the instant case. The majority does, however, and accordingly concludes that the Defendant's flight from Officer Hyatt was a single continuous criminal episode rather than two discrete acts capable of supporting multiple convictions. To the contrary, as described in the preceding paragraph, the Defendant engaged in discrete acts in committing both forms of evading arrest. Moreover, while the crimes of misdemeanor evading arrest and felony evading arrest do not contemplate victims per se (other than the State at large), there is a very real difference in the risks created by these two crimes. Felony evading arrest exposes the motoring and pedestrian public, as well as the pursuing officer(s), to the dangers inherent in a vehicle being driven at high speeds. Misdemeanor evading arrest under the circumstances of cases like this one, in which the suspect stops fleeing in his or her vehicle and begins fleeing on foot, exposes the pursuing officer(s) to a different type of threat. If the pursuing officer is unable to continue chasing the suspect in his or her cruiser, and decides to continue the pursuit on foot, the officer must leave the relative safety of his or her vehicle. If the suspect is armed, the officer -- as well as any unfortunate bystander -- has just become more vulnerable to attack. The differing types of danger involved with the different forms of evading arrest supports, in my opinion, a finding of two discrete acts, and therefore two separate offenses.

Finally, I respectfully disagree with the <u>Calloway</u> panel's conclusion that the legislature was addressing the same concern with both misdemeanor and felony evading arrest. The <u>Calloway</u> panel determined that "[t]he evil at which the statute is directed is the same whether one flees on foot or [by] motor vehicle, that is, to discourage flight from a police officer performing his or her official duties." 2005 WL 1307800, at *8. However, misdemeanor evading arrest is aimed at punishing those who attempt to evade their actual <u>arrest</u>, thereby thwarting the State's efforts to prosecute a criminal suspect. The felony evading arrest provision is aimed at all of those who are driving motor vehicles and are simply ordered by a police officer to stop their vehicle, but refuse to do so. Thus, the concern addressed by the felony evading arrest statute is the protection of other drivers (including the pursuing law enforcement officers) and pedestrians from the potential and actual dangers created by a driver engaging in reckless maneuvers while trying to elude a police cruiser.[2] Therefore, I conclude that the purposes of the two statutory provisions are sufficiently distinct as to support a finding that the two offenses are not the same for double jeopardy purposes.

---

[2]We note that felony evading arrest is a Class E felony unless the motorist's flight "creates a risk of death or injury to innocent bystanders or other third parties," in which case the offense is a Class D felony. Tenn. Code Ann. § 39-16-603(b)(3).

-3-

In summary, my analysis of the Defendant's convictions for both misdemeanor evading arrest and felony evading arrest convinces me that the Defendant's dual convictions do not offend Tennessee's prohibition against double jeopardy, even though both convictions arose out of a single chase. Accordingly, I would not merge the Defendant's conviction for misdemeanor evading arrest into his conviction for felony evading arrest. I would affirm both convictions.

_____
DAVID H. WELLES, JUDGE