IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 17, 2013 Session

## STATE OF TENNESSEE v. TERRENCE JUSTIN FEASTER

**Appeal from the Criminal Court for Knox County**
**No. 97484       Jon Kerry Blackwood, Senior Judge**

**No. E2012-02636-CCA-R3-CD - Filed May 23, 2014**

JOSEPH M. TIPTON, P.J., concurring in part; dissenting in part.

I agree with the majority opinion's conclusion that the evidence was sufficient to convict appellant. Likewise, I agree with the conclusion that *State v. Watkins*, 362 S.W.3d 530 (Tenn. 2012), provides the current double jeopardy analysis and that the analysis announced in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), applies retroactively. I respectfully disagree, though, with the majority opinion's conclusion that a separate due process analysis is unnecessary in the present case, and I believe the separate convictions should be merged.

The offenses occurred on May 27, 2010, twenty-two months before our supreme court announced its decision in *Watkins*, applying the *Blockburger* same elements analysis in determining whether dual convictions violate double jeopardy principles and abrogating the previous double jeopardy analysis announced in *State v. Denton*, 938 S.W.2d 373 (Tenn. 1996). Under *Watkins*, double jeopardy is not violated "[i]f each offense contains an element that the other offense does not." *Watkins*, 362 S.W.3d at 544. As the majority opinion states, this court has concluded that the *Watkins* analysis is to be applied retroactively regardless of the offense date. *See State v. Antonio Dockery*, No. W2012-01024-CCA-R3-CD (Tenn. Crim. App. Jan. 15, 2014); *State v. Martin Boyce*, No. W2012-00887-CCA-R3-CD (Tenn. Crim. App. Aug. 6, 2013); *State v. Dallas Jay Stewart*, No. M2011-01994-CCA-R3-CD (Tenn. Crim. App. July 22, 2013); *State v. Mahlon Johnson*, No. W2011-01786-CCA-R3-CD (Tenn. Crim. App. Feb. 7, 2013).

Although *Watkins* may apply retroactively, a question of due process arises when offenses predate *Watkins*. In *State v. Rogers*, 992 S.W.2d 393 (Tenn. Crim. App. 1999), this court considered the impact of ex post facto prohibitions on judicial decisions and stated,

Although both the federal and state constitutional provisions refer only to legislative acts, the . . . Supreme Court has held that the Fifth and Fourteenth Amendments prohibit retroactive application of any "judicial construction of a criminal statute [that] is unexpected and indefensible by reference to the law which has been expressed prior to the conduct at issue."

*Id.* at 402 (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)). In the context of double jeopardy, I conclude that when offenses predate *Watkins* and an analysis pursuant to *Watkins* results in multiple convictions but results in merger of the convictions pursuant to *Denton*, due process requires application of *Denton*.

In the present case, appellant was convicted of aggravated assault and attempted manslaughter. The majority opinion correctly concludes "that the attack on the victim did not consist of two separate and discrete events" and that pursuant to *Watkins* appellant's convictions do not violate double jeopardy principles. I conclude, though, that due process requires application of *Denton* in this case.

In *State v. Adams*, 973 S.W.2d 224, 299 (Tenn. Crim. App. 1997), this court concluded pursuant to *Denton* that convictions for aggravated assault and attempted first degree murder were the same offenses for double jeopardy purposes. In *Adams*, the State relied on the same evidence to establish both the aggravated assault and the attempted first degree murder convictions, and the evidence showed one discrete act and one victim. *Id*. The court concluded the proper procedure was to merge the convictions. *Id*.

In the present case, the evidence shows that one continuous assault occurred, that only one victim was involved, and that the State relied on the same evidence to support the aggravated assault and attempted voluntary manslaughter convictions. The victim was in the bathroom when appellant broke down the door and began assaulting her. She recalled being dragged into the bedroom and waking up in the dining room. Appellant covered her head, tied her feet with an electrical cord, and struck her with a gun. Appellant said that the incident became "so physical . . . that it didn't stop until she was down." Based on these facts, I conclude that due process and *Denton* require merger of the convictions. I would vacate the judgments and remand the case to the trial court for entry of a single judgment reflecting merger of the aggravated assault and attempted manslaughter convictions.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE

-2-