FILED

01/27/2025

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 1, 2024 Session

**STATE OF TENNESSEE v. CLYDE E. WILLIS**

**Appeal from the Circuit Court for Madison County**
**No. 22-690    Kyle C. Atkins, Judge**

_____

**No. W2023-01309-CCA-R3-CD**
_____

The Defendant, Clyde E. Willis, was convicted by a Madison County Circuit Court jury of trafficking for a commercial sex act from a law enforcement officer posing as a minor, a Class B felony; patronizing prostitution from a law enforcement officer posing as a minor, a Class A misdemeanor; and solicitation of a law enforcement officer posing as a minor to commit aggravated statutory rape, a Class D felony. *See* T.C.A. §§ 39-13-309(a)(3) (Supp. 2019) (subsequently amended) (trafficking for a commercial sex act from a law enforcement officer posing as a minor), 39-13-514(a)(2) (Supp. 2019) (subsequently amended) (patronizing prostitution from a law enforcement officer), 39-13-528(a)(7) (2018) (solicitation of a law enforcement officer posing as a minor to commit statutory rape). The trial court merged the patronizing prostitution conviction with the trafficking conviction and sentenced the Defendant to an effective nine-year sentence in the Department of Correction. On appeal, the Defendant contends that the evidence is insufficient to support his conviction of trafficking for a commercial sex act and that his convictions for patronizing prosecution from a law enforcement officer posing as a minor and for solicitation for a commercial sex act from a law enforcement officer posing as a minor violate double jeopardy and must be merged. Because we agree that the evidence is insufficient to support the trafficking conviction, we vacate the conviction, reverse the judgment, and dismiss the charge. We affirm the Defendant's remaining convictions, and we remand for completion of sentencing for the patronizing prostitution conviction and entry of an amended judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part; Reversed in Part; Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER, J., joined. MATTHEW J. WILSON, J., filed a separate opinion, concurring in part and dissenting in part.

Jeremy Epperson (at trial and on appeal), District Public Defender; Kendall Stivers Jones (on appeal), Assistant Public Defender – Appellate Division; John D. Hamilton (at trial), Assistant District Public Defender; for the appellant, Clyde E. Willis.

Jonathan Skrmetti, Attorney General and Reporter; Brooke A. Huppenthal, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Benjamin C. Mayo, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant's convictions result from his August 27, 2021 apprehension during a law enforcement operation which targeted individuals who patronized prostitution. The facts at trial demonstrated that, after viewing internet advertisements for prostitution services, the Defendant, who was then age thirty-nine, communicated by text message and telephone call with a police officer posing as a sixteen-year-old girl. When the officer sent the Defendant a text message stating that she was age sixteen and asking if he would wear a condom to prevent her from becoming pregnant, the Defendant initially expressed that he was no longer interested. However, approximately thirty minutes later, he resumed text message communication with her and arranged to meet. Believing that he was meeting the sixteen-year-old girl and her friend for the girls to provide sexual services for thirty minutes in exchange for $100, the Defendant went to a hotel. He entered a room, in which two undercover officers waited. The officers posed as the girl with whom the Defendant believed he had been communicating and the girl's friend. The officers told the Defendant that they were age sixteen and asked him to wear a condom because they did not want to become pregnant, and the Defendant agreed. They discussed that both undercover officers would be involved in the sexual activity and that the price would be $100. The Defendant gave one of the undercover officers $100 and began undressing himself. Other officers entered the room and arrested the Defendant. The Defendant gave a statement admitting that he went to the hotel to pay $100 for sexual services and that the undercover officers had advised him that they were age sixteen.

In his trial testimony, the Defendant claimed that, notwithstanding his having been told the undercover officers were age sixteen, he believed they were adults. He noted the mature communication skills of the officer with whom he had communicated to arrange the meeting. He claimed that he had believed upon meeting the officers that they were adults based upon their apparent education level, body language, and overall presentation. He also testified, "If . . . I had any type of belief that it was any type of women under the age, I would have no association with the situation." The jury found the Defendant guilty of trafficking for a commercial sex act from a law enforcement officer posing as a minor, patronizing prostitution from a law enforcement officer posing as a minor, and solicitation

- 2 -

of a law enforcement officer posing as a minor to commit aggravated statutory rape. The trial court merged the convictions for trafficking and patronizing prostitution. This appeal followed.

## I

## Sufficiency of the Evidence

The Defendant challenges the sufficiency of the evidence to support his conviction of trafficking for a commercial sex act. He concedes his guilt of patronizing prostitution from a law enforcement officer, and he does not contest the conviction for solicitation of a law enforcement officer posing as a minor to commit aggravated statutory rape. Initially, the issue relative to the trafficking conviction involves a question of statutory interpretation.

At the time of the offenses, the trafficking statute provided, in pertinent part:

(a) A person commits the offense of trafficking a person for a commercial sex act who:

(1) Knowingly subjects, attempts to subject, benefits from, or attempts to benefit from another person's provision of a commercial sex act;

(2) Recruits, entices, harbors, transports, provides, purchases, or obtains by any other means, another person for the purpose of providing a commercial sex act; or

(3) Commits the acts in this subsection (a) when the intended victim of the offense is a law enforcement officer or a law enforcement officer eighteen (18) years of age or older posing as a minor.

T.C.A. § 39-13-309(a) (Supp. 2021) (subsequently amended). A commercial sex act is

(A) Any sexually explicit conduct for which anything of value is directly or indirectly given, promised to or received by any person, which conduct is induced or obtained by coercion or deception or which conduct is induced or obtained from a person under eighteen (18) years of age; or

(B) Any sexually explicit conduct that is performed or provided by any person, which conduct is induced or obtained by coercion or deception or

- 3 -

which conduct is induced or obtained from a person under eighteen (18) years of age[.]

*Id.* § 39-13-301(4) (2018).

The Defendant argues that the trafficking statute does not encompass the act of paying a person for sexual services, absent additional evidence of "trafficking" activity. The State argues that the evidence is sufficient to support a conviction under subsection (a)(2) based upon proof that the Defendant "purchase[d] . . . another person for the purpose of providing a commercial sex act."

In determining the sufficiency of the evidence, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007). The State is "afforded the strongest legitimate view of the evidence and all reasonable inferences" from that evidence. *Vasques*, 221 S.W.3d at 521. The appellate courts do not "reweigh or reevaluate the evidence," and questions regarding "the credibility of witnesses [and] the weight and value to be given the evidence . . . are resolved by the trier of fact." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *see State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984).

"A crime may be established by direct evidence, circumstantial evidence, or a combination of the two." *State v. Hall*, 976 S.W.2d 121, 140 (Tenn. 1998); *see State v. Sutton*, 166 S.W.3d 686, 691 (Tenn. 2005). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

The evidence, viewed in the light most favorable to the State, demonstrated that the Defendant agreed to pay $100 for thirty minutes of sexual services from two undercover police officers who represented that they were sixteen-year-old girls. Contrary to the State's argument, the evidence does not show that the Defendant "purchased" another person or persons. The discussion between the Defendant and one of the undercover officers focused on the provision of sexual services by the officers, the amount of money for the services, and the time allotted for the services. The conversation was not about "purchasing" a person or persons; it was about purchasing their sexual services for a period of time. Likewise, the State did not offer proof that the Defendant engaged in any activities, other than purchasing a person, which may constitute trafficking pursuant to Code section 39-13-309(a)(2). *See* T.C.A. § 39-13-309(b); *cf. State v. Anthony Cornelius Baylis*, No. E2023-00886-CCA-R3-CD, 2024 WL 4381138, at *7 (Tenn. Crim. App. Oct. 3, 2024)

(holding that the evidence was sufficient to support the defendant's conviction of trafficking for a commercial sex act where the defendant told an undercover law enforcement officer posing as a minor that he could "help" her with her work, that he wanted her to help with "day to day operations," and that she should relocate to a place where she could make more money). The evidence is insufficient to support the Defendant's conviction for trafficking for a commercial sex act from a law enforcement officer posing as a minor, and this conviction must be vacated.

As the Defendant acknowledges, the evidence is sufficient to support his conviction for patronizing prostitution. *See* T.C.A. § 39-13-512(3) (2018); -514(a)(2) (Supp. 2021) (subsequently amended). Similarly, he has not challenged the sufficiency of the evidence to support his conviction for solicitation of a law enforcement officer posing as a minor to commit aggravated statutory rape. *See id.* § 39-13-528(a)(7) (2018).

## II

## Double Jeopardy

The Defendant contends that the convictions for patronizing prostitution and solicitation of a law enforcement officer posing as a minor to commit aggravated statutory rape must merge because they "arose out of the same act or transaction." He argues that convictions for both offenses violate his constitutional right to be free from double jeopardy. The State counters that the dual convictions do not implicate double jeopardy concerns.

The Fifth Amendment of United States Constitution and article I, section 10 of the Tennessee Constitution provide that no person should be put "in jeopardy of life or limb" twice for the same offense. U.S. Const. amend. V, Tenn. Const. art. I, § 10. Double jeopardy principles proscribe multiple punishments for the same conduct. *See State v. Watkins*, 362 S.W.3d 530, 541-42 (Tenn. 2012).

In *Watkins*, our supreme court abandoned the analysis provided previously in *State v. Denton*, 938 S.W.2d 373 (Tenn. 1996), and adopted the "same elements" analysis delineated by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Therefore, whether dual convictions violate double jeopardy principles requires a determination of "whether the convictions arise from the same act or transaction." *Watkins*, 362 S.W.3d at 556. If the convictions arise from the same act or transaction, the second inquiry is whether the elements of the offenses are the same or whether one offense is a lesser included offense of the other. *Id* at 557. If the elements are the same or one offense is a lesser included offense of the other, dual convictions violate double jeopardy principles. *Id.* Appellate courts "will presume that multiple convictions

are not intended by the General Assembly" when the elements of the offenses are the same or when one offense is a lesser included offense of the other. *Id.* Determining whether double jeopardy bars dual convictions involves a mixed question of law and fact, which an appellate court reviews de novo. *State v. Itzol-Deleon*, 537 S.W.3d 434, 441 (Tenn. 2017); *Watkins*, 362 S.W.3d at 539.

The Defendant's convictions for patronizing prostitution and solicitation of a minor arose from the same act or transaction in that they involved a single incident on August 27, 2021, in which the Defendant sought and paid for thirty minutes of sexual services from two undercover law enforcement officers posing as sixteen-year-old girls. *See id.* at 556. Thus, we will consider whether the elements of both offenses are the same or whether one is a lesser included offense of the other. *See id.* at 557.

"[A] person patronizes prostitution where the subject of the offense is a law enforcement officer or a law enforcement officer eighteen (18) years of age or older posing as a minor." T.C.A. § 39-13-514(a)(2). "'Prostitution' means engaging in, or offering to engage in, sexual activity as a business or being an inmate in a house of prostitution or loitering in a public place for the purpose of being hired to engage in sexual activity[.]" *Id.* § 39-13-512(6). "'Patronizing prostitution' means soliciting or hiring another person with the intent that the other person engage in prostitution[.]" *Id.* § 39-13-512(3).

Regarding solicitation of a law enforcement officer posing as a minor to commit statutory rape, the relevant statute provides, in pertinent part:

(a) It is an offense for a person eighteen (18) years of age or older, by means of oral, written or electronic communication, electronic mail or internet services, directly or through another, to intentionally command, request, hire, persuade, invite or attempt to induce a person whom the person making the solicitation knows, or should know, is less than eighteen (18) years of age, or solicits a law enforcement officer posing as a minor, and whom the person making the solicitation reasonably believes to be less than eighteen (18) years of age, to engage in conduct that, if completed, would constitute a violation by the soliciting adult of one (1) or more of the following offenses:

. . .

(7) Statutory rape, pursuant to § 39-13-506[.]

*Id*. § 39-13-528(a)(7). "Statutory rape is the unlawful sexual penetration of a victim by the defendant or of the defendant by the victim when. . . [t]he victim is at least fifteen (15) but

less than eighteen (18) years of age and the defendant is more than five (5) but less than ten (10) years older than the victim." *Id.* § 39-13-506(b)(2). Statutory rape becomes aggravated statutory rape "when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least ten (10) years older than the victim." *Id.* at (c).

Upon comparison of the elements of the respective offenses, we conclude that they are not the same and that one is not a lesser included offense of the other. *See id.* § 40-18-110(f) (2018) (defining when an offense is a lesser included offense of another); *Watkins*, 362 S.W.3d at 557 (holding that offenses are not the same if each "includes an element that the other does not"). Although both offenses may be committed by a defendant who engaged with a law enforcement officer posing as a minor, the offenses do not proscribe the same conduct. Additional elements of the offense of patronizing prostitution target a defendant who solicits or hires another person, not necessarily a minor, with the intent that the other person engage in prostitution, which includes paid "sexual activity." *See* T.C.A. § 39-13-512(7) (""Sexual activity" means any sexual relations including homosexual sexual relations."). In contrast, additional elements of the offense of solicitation target a defendant who seeks unlawful sexual penetration, a specific type of sexual activity, with a minor.

The Defendant acknowledges in his brief that neither offense is a lesser included offense of the other. He argues, instead, that the offenses are the same. He argues that the conduct relied upon by the State for the solicitation offense, that he "hired" the undercover officers posing as minors, was the same conduct upon which the State relied for patronizing prostitution, which also involved his "hiring" the undercover officers. The statutory elements are to be considered "in the abstract, without regard to the proof offered at trial in support of the offenses." *Watkins*, 362 S.W.3d at 544. We note that the Defendant was charged with the mode of solicitation that involved statutory rape, not patronizing prostitution. *See* T.C.A. § 39-13-528(a)(7), (11). Moreover, viewed in the abstract, the offenses of solicitation and patronizing prostitution are separate offenses. *Compare id.* § 39-13-514(a)(2) (patronizing prostitution from a law enforcement officer posing as a minor) *and* § 39-13-512(3) (defining the term "patronizing prostitution"), *with* § 39-13-528(a)(7) (solicitation of a law enforcement officer posing as a minor).

We conclude that, although the offenses arose from the same transaction, they are distinct offenses which contain different elements. Double jeopardy does not bar the Defendant's dual convictions, and merger is not required. The Defendant is not entitled to relief on this basis.

Finally, with respect to Count 2, the patronizing prostitution conviction, the transcript of the sentencing hearing reflects that the trial court sentenced the Defendant to

eleven months, twenty-nine days and did not specify a manner of service of the sentence. Count 2 was merged with Count 1, the trafficking conviction. In the wake of our reversal of the conviction in Count 1, the case must be remanded for the court to specify the manner of service of the sentence and to file an amended judgment form reflecting the sentence for Count 2. As the Defendant has already been afforded a full sentencing hearing and has presented no appellate issues related to sentencing, an evidentiary hearing is not required unless the court determines, in its discretion, that it needs additional evidence to make the manner-of-service determination.

In consideration of the foregoing and the record as a whole, the conviction in Count 1 for trafficking for a commercial sex act from a law enforcement officer posing as a minor is vacated. The judgment is reversed, and the charge in Count 1 is dismissed. The convictions in Counts 2 and 3 for patronizing prostitution from a law enforcement officer posing as a minor and solicitation of a law enforcement officer posing as a minor to commit aggravated statutory rape are affirmed. The case is remanded for further proceedings consistent with this opinion.

**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE