IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2004

## MICHAEL S. HOLMES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Chester County**
**No. 4302     Roy B. Morgan, Jr., Judge**

**No. W2003-02712-CCA-R3-PC  - Filed November 15, 2004**

The petitioner, Michael S. Holmes, was convicted in 1997 of aggravated robbery, aggravated assault, aggravated kidnapping, felony escape, burglary of a vehicle, and theft of property over $1000. His convictions were affirmed on direct appeal. Subsequently, he filed a petition for post-conviction relief alleging ineffective assistance of counsel and improper jury instructions on lesser-included offenses. After a review of the affidavits submitted by the petitioner, the post-conviction court denied the petition, and this appeal followed. We affirm the order of the post-conviction court denying the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Mike Mosier, Jackson, Tennessee, for the appellant, Michael S. Holmes.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; James G. Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In the direct appeal, this court set out the facts of the petitioner's escape from the Chester County Jail, which had resulted in his convictions:

> Defendant, Michael S. Holmes, was a federal prisoner housed at the Chester County jail pursuant to a contract with the United States Marshal Service. He was convicted on federal drug charges in February of 1995 and was awaiting sentencing on those charges. At

approximately 12:15 a.m. on January 4, 1996, he and another prisoner, Sherman Sanders, executed an escape plan.

The jailer, Shane Hesselrode, was lured into the hallway near defendant's cell to assist a maximum security prisoner who allegedly needed medical attention. Hesselrode opened the door to the entry hall and observed defendant and Sanders exit their cells. Sanders placed a home-made knife, described as a "shank," at the jailer's back and ordered him to enter the cell and drop his keys.

Simultaneously, defendant went to the dispatcher's office where Barbara Paulman was on duty. He rushed at her and threw her out of her chair onto the concrete floor. She struggled with defendant as he dragged her along the floor to the jail cell while jabbing at her with a "shank." By the time they reached the cell, her blouse and bra were completely torn, and the zipper was ripped out of her pants. The dispatcher suffered bruising, a large knot on her head, and a serious shoulder injury as a result of defendant's actions.

After locking Hesselrode and Paulman in the jail cell, defendant and Sanders made their way out of the jail area and out of the building. It was later discovered they took Paulman's keys from her purse and absconded with her car.

Defendant was convicted of aggravated robbery of Hesselrode's jail keys, aggravated assault and aggravated kidnapping of Paulman, felony escape, and theft of Paulman's vehicle.

Prior to the trial on these state charges, defendant pled guilty in federal court to the offense of escape arising from these incidents.

State v. Holmes, 995 S.W.2d 135, 138 (Tenn. Crim. App. 1998).

The petitioner filed a *pro se* petition for post-conviction relief on April 10, 2000, and counsel was appointed on May 8, 2000. A hearing was scheduled for July 31, 2000; however, because the petitioner was incarcerated in the United States Bureau of Prisons, which refused to release the petitioner for a hearing because, according to the continuance order, he had "previously escaped from the Chester County Jail," the post-conviction court ordered a continuance. On October 17, 2003, a hearing was conducted in which the sole proof was an affidavit filed by the petitioner, still in federal custody, and one filed by his trial counsel. The court denied the petition, and the petitioner filed a timely appeal to this court.

We will review the claims of the petitioner. He asserted, *inter alia*, in his petition:

3. Petitioner states that this conviction is unconstitutional because the jury never received any instructions from the court that informed the jury that they had the discretion to charge the [petitioner] with the lesser included charges, pursuant to Tenn. Rules of Court, Rule 31. Therefore, the jury was denied the option to consider all the elements of the crimes charged due to the fact that the court never instructed the jury on any matters of the law in this case, which is a fundamental reversible error that must be corrected. See attached supporting Memorandum of Law.

3. [sic] Petitioner states that T.C.A. 40-35-201 clealy [sic] informed the court about instructing the jury of all possible penalties for the offenses charged and their lesser included degrees, in which the court fail [sic] to carry out.

4. The court failed to instruct and the representing court appointed first year law student failed to file for instruction on this primary procedure of law, therefore a [sic] evidentiar[y] hearing is necessitated because of the included constitutional violations. See attached supporting Memorandum.

The affidavit filed by the petitioner contained fifteen numbered paragraphs of claims for relief. At the hearing on the petition, the post-conviction court found that claims 1, 2, 3, 4, 5, 6, 12, 13, 14, and 15 had been previously determined on direct appeal. The remaining assertions in the affidavit were as follows:

7. I received ineffective assistance of counsel in that my appellate counsel failed to raise the issue of the trial court's denial of my motion for mistrial, said motion entered due to the prosecutor asked [sic] me, in front of the jury, if I was on probation when the offenses for which I was being tried with occurred, said occurrence being highly prejudicial to me, and rendered the outcome of my trial fundamental [sic] unfair and unreliable. See Lockhart v. Fretwell, 506 U.S. 364, 369; Nix v. Whiteside, 475 U.S. 157, 175

8. I received ineffective assistance of counsel due to my trial counsel's and/or appellate counsel's failure to raise any one, or all, or [sic] the issues I have presented in these post conviction relief motion proceedings or said counsel's failure to competently and professionally raise any one, or all, or the issues I have presented in these post conviction relief motion proceedings.

9.  I received ineffective assistance of counsel in that my trial counsel failed to seek jury instructions on lesser included offenses; in that my my [sic] trial counsel waived standard preparation of jury instructions; and due to my counsel failed to object when the trial court failed to give jury instructions on lesser included offenses. The prejudice in this being that due to such failures the jury was denied the knowledge that the jury could find me guilty of a lesser included offense is what [sic] I was guilty of, which would have significantly shortened my sentence.  (citations omitted).

10.  I received ineffective assistance of counsel in violation of my U.S. Constitutional 6th Amend. rights and 14th Amend. rights.

11.  My U.S. Constitutional Amend. 14 rights were violated by the trial court, by the prosecution, and by my attorney.

In its written findings of fact and conclusions of law, the post-conviction court dealt with the remaining claims, determining that the petition should be denied:

1.  The Court finds that the issues raised by the petitioner have been previously raised and determined by the Court of Criminal Appeals.

2.  As to the issue of the failure to give the proper jury instructions the Court finds that the appropriate instructions were given and that the Court did give appropriate instructions as certain lesser included offenses on each charge in the indictment. The jury rejected all lesser included offenses and convicted the [petitioner] as charged in the indictment.

3.  The remaining issues deal with the sufficiency of evidence or appropriateness of the underlying convictions were dealt with on direct appeal and cannot be the basis of post conviction relief.
The petition is therefore denied.

## ANALYSIS

In order to determine the competence of counsel, Tennessee courts have applied standards developed in federal case law.  See State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee).  The United States Supreme Court articulated the standard in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), which is widely accepted as the appropriate standard for all claims of a convicted petitioner that counsel's

assistance was defective. The standard is firmly grounded in the belief that counsel plays a role that is "critical to the ability of the adversarial system to produce just results." Id. at 685, 104 S. Ct. at 2063. The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687, 104 S. Ct. at 2064. The Strickland Court further explained the meaning of "deficient performance" in the first prong of the test in the following way:

> In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. . . . No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.

Id. at 688-89, 104 S. Ct. at 2065. The petitioner must establish "that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (citing Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996)).

As for the prejudice prong of the test, the Strickland Court stated: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S. Ct. at 2068; see also Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994) (concluding that petitioner failed to establish that "there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different").

Courts need not approach the Strickland test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697, 104 S. Ct. at 2069; see also Goad, 938 S.W.2d at 370 (stating that "failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

By statute in Tennessee, the petitioner at a post-conviction relief hearing has the burden of proving the allegations of fact by clear and convincing evidence. See Tenn. Code Ann. §

40-30-210(f) (1997). A petition based on ineffective assistance of counsel is a single ground for relief; therefore, all factual allegations must be presented in one claim. See Tenn. Code Ann. § 40-30-206(d) (1997).

Although represented by counsel, the petitioner filed a *pro se* brief with this court, as well as several exhibits. However, because he continues to be represented by counsel, we will limit our analysis to the brief and argument filed by counsel. See State v. Burkhart, 541 S.W.2d 365, 371 (Tenn. 1976) (holding that a defendant who is represented by counsel may not simultaneously proceed *pro se*).

The petitioner's claims on appeal may be summarized as follows: (1) trial counsel was "ineffective for failing to raise the issue of double jeopardy involving his conviction for various and multiple offenses";[1] and (2) the trial court erred by failing to instruct the jury on lesser-included offenses and trial counsel was ineffective for failing to seek jury instructions on lesser-included offenses.

As to the double jeopardy claim, the post-conviction court correctly concluded that this court determined on direct appeal that the petitioner's multiple convictions did not constitute double jeopardy:

> Defendant asserts that the aggravated robbery, aggravated assault, aggravated kidnapping, escape and theft should be viewed as a single criminal episode with a single criminal intent: the intent to escape. As such, the defendant argues the multiple convictions violate the principle of double jeopardy.
>
> State v. Denton, 938 S.W.2d 373 (Tenn. 1996), outlines the proper test for evaluating a double jeopardy claim. To determine whether multiple convictions are permitted we must: (1) conduct a Blockburger analysis of the statutory offenses; (2) analyze the evidence used to prove the offenses; (3) consider whether there were multiple victims or discrete acts; and (4) compare the purposes of the respective statutes. Denton, 938 S.W.2d at 381.

---

[1]Post-conviction counsel's specific argument on appeal is that the petitioner's "rights to due process" were "affected" by trial counsel's failure to raise and litigate "these" issues, presumably referring to the petitioner's multiple convictions. However, any argument based on State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), for the claim that the petitioner's due process rights were violated because a person cannot be convicted of kidnapping and escape, as "kidnapping merged with the offense of escape," was resolved against the petitioner in State v. Dixon, 957 S.W.2d 532 (Tenn. 1997). See also State v. Billy J. Coffelt, No. M2002-01214-CCA-R3-CD, 2003 WL 22116628 (Tenn. Crim. App. Sept. 11, 2003), perm. to appeal denied (Tenn. Feb. 2, 2004).

Under <u>Blockburger v. United States</u>, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), one must determine whether each offense requires proof of an additional fact which the other does not. All five of the subject offenses require proof of additional facts not included in each of the other offenses.

The same evidence was not used to establish each offense. Hesselrode was the victim of the aggravated robbery and Paulman was the victim of the aggravated assault, aggravated kidnapping and theft. Distinct acts were committed in the course of each offense.

Finally, a comparison of the statutes' purposes shows that each offense protects a different interest. Theft is a property offense; escape, an offense against the administration of government. Aggravated robbery, aggravated assault, and aggravated kidnapping are all offenses against the person; however, they too have elements that distinguish them from one another. Further, they are in different parts of the criminal code which reflects a legislative intent that they be considered distinct offenses.

If this court were to accredit the defendant's argument, we would reach an untenable result. Effectively, Tennessee would be prohibited from prosecuting any criminal act, no matter how heinous, committed in the course of an inmate's escape other than the escape itself.

Defendant's multiple convictions do not violate double jeopardy under <u>Denton</u>. The multiple convictions are proper.

<u>Holmes</u>, 995 S.W.2d at 138-39. Accordingly, this matter has previously been resolved.

The petitioner's second claim is that the jury was not instructed as to any lesser-included offenses. The record on appeal includes the portion of the transcript of the petitioner's trial setting out the jury instructions. On the aggravated assault charges, the court instructed the jury as to the lesser offense of assault; on the aggravated robbery, the court instructed as to robbery, as well; and on aggravated kidnapping, the court instructed as to the lesser offenses of kidnapping and false imprisonment. The petitioner fails to acknowledge in either his post-conviction petition or affidavit that the jury was instructed as to any lesser offenses. However, his claim is clearly wrong, as the post-conviction court found, that the jury was not charged as to lesser-included offenses. Further, even if all lesser offenses were not charged, the petitioner has failed to prove that he was prejudiced as a result, because of the fact that he was convicted of the offenses charged in the indictment. Thus, the record supports the post-conviction court's determination that this claim is without merit. <u>See</u> <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068.

-7-

Additionally, we note that as to the lesser-included offenses, any allegation of error on the part of the trial court has been waived for failure to raise it on direct appeal. "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . . ." Tenn. Code Ann. § 40-30-206(g) (1997). We have previously held that "[a]lmost any ground for relief, except ineffective assistance of counsel, could be raised during trial, and failure to do so will be deemed a waiver." Blair v. State, 969 S.W.2d 423, 425 (Tenn. Crim. App. 1997). The petitioner failed to explain in his petition or in the affidavit at the post-conviction hearing why this issue was not raised at trial or on direct appeal. This is an elementary part of any petition for post-conviction relief. See Tenn. Code Ann. § 40-30-204(e) (1997).

## CONCLUSION

Following our review of the record, we affirm the order denying the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE