IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
On Brief October 26, 2010

## JAMES L. JOHNSON v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5630  Lynn Brown, Judge**

---

**No. E2010-01309-CCA-R3-HC - Filed November 24, 2010**

---

Petitioner, James Lee Johnson, appeals from the dismissal of a petition for writ of habeas corpus in which he argued that the trial court erred by failing to merge his three convictions and that the sole remaining conviction had expired. After a review, we affirm the dismissal of the petition for writ of habeas corpus because Petitioner has failed to establish that his judgments were void or that his sentences have expired. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

James L. Johnson, Pro Se., Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Joe Crumley, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

On November 17, 2005, Petitioner pled guilty to one count of attempted sexual battery, one count of attempted aggravated sexual battery, and one count of rape. As a result of the plea agreement, Petitioner was sentenced to time served on the one count of attempted sexual battery. On the remaining count of attempted aggravated sexual battery, Petitioner

was sentenced to six years as a Range I, standard offender. Petitioner was sentenced to ten years at 100% for the rape conviction, to be served concurrently with the six-year sentence, but consecutively to the sentence for attempted sexual battery, for a total effective sentence of ten years, eleven months and twenty-nine days. The sentences were suspended after the service of ten months.

On August 30, 2007, Petitioner's probation was revoked, and Petitioner was ordered to serve his sentences in confinement. On February 3, 2010, Petitioner filed a motion seeking post-conviction relief. In the motion, Petitioner argued that he was sentenced illegally. The petition for post-conviction relief was dismissed by the trial court as time-barred.

On March 22, 2010, Petitioner filed a petition for writ of habeas corpus. In the petition, Petitioner alleged that the trial court erred by failing to merge the three convictions and that the sentence on the one remaining conviction had expired. Petitioner argued that the convictions should have been merged because they were committed within a twenty-four hour period and/or that the convictions should have been merged based on Tennessee Rules of Criminal Procedure 8(b) and 14(b)(1). Finally, Petitioner argued that *State v. Denton*, 149 S.W.3d 1 (Tenn. 2004), requires that he receive habeas corpus relief.

The State filed a motion to dismiss the petition. The trial court issued an order dismissing the petition for habeas corpus, finding that "nothing in the petition would support a finding . . . that petitioners' [sic] conviction is void or that his sentence has expired."

Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner claims that he was sentenced illegally. Specifically, he claims that his sentences should have been merged because they: (1) were committed in a twenty-four hour period of time; (2) violated Tennessee Rules of Criminal Procedure 8(b) and 14(b)(1); and (3) were given in violation of *State v. Denton*, 149 S.W.3d 1 (Tenn. 2004). The State disagrees, concluding that Petitioner has not satisfied the burden necessary to show that he is entitled to habeas corpus relief.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

The trial court herein properly dismissed the petition for habeas corpus relief. First, Petitioner argues herein that his convictions should have been merged because they were committed within a twenty-four hour period of time. Petitioner cites Tennessee Code Annotated section 40-35-106 to support his argument. This statute provides for the definition of a "multiple offender" for sentencing purposes. Petitioner is not challenging his sentencing range; he is challenging the trial court's failure to merge his convictions. This issue is without merit.

Next, Petitioner argues that his convictions should have been merged based on Tennessee Rules of Criminal Procedure 8(b) and 14(b)(1). Both of these provisions address joining offenses for a single prosecution rather than merging convictions. They do not entitle Petitioner to habeas corpus relief.

Next, Petitioner cites *State v. Denton*, 149 S.W.3d 1 (Tenn. 2004), to support his merger argument. On review, we are convinced that Petitioner meant to cite to *State v. Denton*, 938 S.W.2d 373 (Tenn. 1996). In *Denton*, the court examined multiple convictions to determine whether they offended double jeopardy. The court utilized a four part balancing test as set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). The court examined the following in order to determine if the same act or transaction constitutes a violation of two distinct statutes: (1) whether each provision required proof of an additional fact which the other does not; (2) whether the state used different evidence to prove the individual offenses; (3) whether the offenses had multiple victims or discrete acts; and (4) the purposes of the respective criminal statutes. *Denton*, 938 S.W.2d at 379-81. Petitioner has not argued that his multiple convictions did not constitute different offenses. Instead, he argues that because they all occurred within twenty-four hours, he should not receive multiple punishments. This is not what the *Blockburger* test is designed to protect against. Moreover, a challenge to a conviction based on double jeopardy grounds merely renders a conviction voidable. *Steven Lamont Anderson v. State*, No. W2006-00866-CCA-R3-HC, 2009 WL 536993, at *4 (Tenn. Crim. App., at Jackson, Mar. 2, 2009); *Ralph Phillip Claypole v. State*, No. M1999-02591-CCA-R3-PC, 2001 WL 523367, at *2 (Tenn. Crim. App., at Nashville, May 16, 2001).

Finally, Petitioner's sentence has not expired. Petitioner received a ten-year sentence for rape in the year 2006.

Petitioner has failed to show that he is entitled to habeas corpus relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE