# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
December 8, 2009 Session

## STATE OF TENNESSEE  v. CARL G. BOONE

### Direct Appeal from the Circuit Court for Maury County
No. 17278     Robert L. Jones, Judge

### No. M2009-00188-CCA-R3-CD - Filed February 8, 2010

The defendant, Carl G. Boone, was convicted by a Maury County jury of reckless endangerment, a Class A misdemeanor, and aggravated assault, a Class C felony.  The trial court merged the reckless endangerment conviction into the aggravated assault conviction and sentenced the defendant as a Range II, multiple offender to ten years at thirty-five percent in the Department of Correction.  On appeal, the defendant argues that the trial court imposed an excessive sentence by misapplying enhancement factors and failing to apply appropriate factors in mitigation.  Following our review, we affirm the sentencing imposed by the trial court.  However, we remand for entry of corrected judgment forms to reflect that the reckless endangerment count of the indictment merged into the aggravated assault count and that the defendant was found not guilty of the aggravated rape count rather than not guilty by reason of insanity, as marked on the judgment form.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgments

ALAN E. GLENN, J., delivered the opinion of the Court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Patrick T. McNally (on appeal) and Lorraine Wade (at trial), Nashville, Tennessee, for the appellant, Carl G. Boone.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; T. Michael Bottoms, District Attorney General; and Patrick Butler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On September 25, 2007, the defendant was indicted by a Maury County Grand jury for the August 10, 2007, attempted first degree murder, aggravated rape, and aggravated assault of his estranged wife, Patricia Williams. The trial transcript is not included in the record on appeal. However, the testimony of the victim and the comments of the trial court and counsel at the sentencing hearing suggest that the State presented evidence at trial to show that the defendant laid in wait in the bushes outside the victim's home, knocked her unconscious with a savage blow or blows to the head, dragged or carried her to a secluded spot in the woods, raped her, and then left her alone and unconscious in the woods on a day in which the outdoor temperature reached 104 degrees. At the conclusion of the trial, the jury found the defendant guilty of aggravated assault, not guilty of aggravated rape, and guilty of reckless endangerment as a lesser-included offense of attempted first degree murder.

At the September 25, 2008, sentencing hearing, Maria Devore, the probation and parole officer who prepared the defendant's presentence report, identified certified copies of judgments showing that the defendant had a 1993 conviction for aggravated robbery, a 1992 conviction for kidnapping, a 1992 conviction for aggravated burglary, a 1992 conviction for aggravated assault, and a 1992 conviction for spousal sexual battery. The aggravated burglary and spousal sexual battery offenses occurred on the same day against the same victim, Wendy Boone. Devore testified that the defendant was revoked from probation on August 3, 1993, and she identified a certified copy of a judgment reflecting that fact.

Patricia Williams, the victim in the case at bar, testified that the altercation occurred approximately two weeks before her divorce from the defendant became final. She said that the defendant's beating broke her nose and her face in four places, leaving her with permanent tissue damage to her face. She added, however, that she was not scarred or disfigured as a result. She stated that she was so terrified following the attack that she put her house on the market and went into hiding. She said that she was unable to work for months afterwards, continued to experience feelings of depression and anger, and had been in counseling since the ordeal.

The victim expressed frustration at the jury's having found the defendant not guilty of the rape charge, testifying that she was on the one hand glad that the defendant had knocked her unconscious with the first blow so that she did not experience all of the terrible pain of the attack but, on the other hand, wished she had been able to recount what the defendant had done to her so that the jury would have found him guilty of the rape charge. She stated that she knew the defendant had raped her both anally and vaginally because she had a laceration in her vagina and severe swelling in her anus. The victim testified that she was not the first woman victimized by the defendant, as evidenced by his prior convictions in which his victim had been a former spouse, and she asked the court to impose the

maximum possible sentence in order to protect other women from the defendant's actions.

In his allocution to the court, the defendant apologized to the victim and expressed his hope that she would forgive him.

At the conclusion of the hearing, the trial court classified the defendant as a multiple, rather than persistent, offender because it was unable to determine whether bodily injury or threatened bodily injury was an element of spousal sexual battery, which would allow it to be counted as a separate offense for range classification purposes despite the fact that it occurred on the same date as the aggravated burglary. See Tenn. Code Ann. § 40-35-107 (b)(4) (2006) ("Except for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury, or threatened bodily injury . . ., convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction for the purpose of determining prior convictions[.]"). The trial court recognized that the affidavit of complaint connected to the offense stated that the defendant had forced himself on the victim while threatening her life with a pair of scissors held to her throat, but properly found that it could not assume merely from the affidavit that threatened bodily injury had been an element of the offense of spousal sexual battery.

The trial court therefore found three enhancement factors applicable: that the defendant had a previous history of criminal convictions in addition to those necessary to establish his range, based on the fact that only two of his prior convictions were required to classify him as a Range II offender; that the defendant treated the victim with exceptional cruelty during the commission of the offense, based on the proof at trial regarding the injuries the victim sustained to her neck and vaginal area, which the trial court found occurred after the initial blows that formed the basis for the aggravated assault conviction; and that the defendant had exhibited a previous unwillingness to comply with the terms of a condition involving release into the community, based on the proof of the violation of his probation. See Tenn. Code Ann. § 40-35-114(1), (5), (8) (2006). Finding that the enhancement factors were all "serious and undisputed," and that there were no mitigating factors applicable, the trial court enhanced the defendant's sentence to the maximum ten-year sentence allowed in the range.

## ANALYSIS

The defendant contends on appeal that the trial court imposed an excessive sentence by, among other things, considering irrelevant enhancement factors and failing to consider evidence in mitigation. Specifically, the defendant argues that the exceptional cruelty enhancement factor should not have been applied because the victim's injuries were inherent in the offense of aggravated assault. The defendant further argues that the trial court should

not have applied the enhancement factor of his prior criminal convictions because it failed to state for the record which prior convictions supported the application of this factor. Finally, the defendant argues that the trial court failed to consider in mitigation his expressed remorse and the fact that he committed the assault "under emotionally trying circumstances." The State argues that the trial court properly considered the sentencing criteria and explained its reasons for imposing the maximum sentence within the applicable range. We agree with the State.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses, (h) any statements made by the accused in his own behalf, and (i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2006); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2006), Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

In imposing a specific sentence within a range, a trial court "shall consider, but is not bound by" certain advisory sentencing guidelines, including that the "minimum sentence within the range of punishment is the sentence that should be imposed," and that "[t]he sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors[.]" Tenn. Code Ann. § 40-35-210(c)(1), (2). The weighing of the various mitigating and enhancement factors is "left to the trial court's sound discretion." State v. Carter, 254 S.W.3d 335, 345 (Tenn. 2008).

Neither the defendant nor the State challenges the trial court's classification of the defendant as a Range II offender. We begin our analysis, however, by noting that the trial court could have properly classified the defendant as a Range III offender based on his five prior felony convictions, as the offense of spousal sexual battery, as committed by the defendant, included an element of threatened bodily injury. At the time of the offense, Tennessee Code Annotated section 39-13-507 provided, in pertinent part, that spousal sexual battery was the unlawful sexual contact by one spouse of another where "[t]he defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon[.]" Tenn. Code Ann. § 39-13-507(c)(1)(A) (1991) (repealed 2005).

Had the defendant been classified as a Range III offender, he would have been subject to a sentence ranging from ten to fifteen years. See Tenn. Code Ann. § 40-35-112(c)(3) (2006). However, by erring on the safe side and classifying the defendant as a Range II offender, the trial court was free to use the defendant's additional convictions as prior criminal history to enhance his sentence within the range. The trial court was not, as the defendant claims, required to delineate for the record the specific convictions upon which it was relying for the application of this factor.

The defendant also contends that the trial court erred by applying the enhancement factor that he treated the victim with exceptional cruelty and by not applying in mitigation the fact that he expressed remorse and was acting under emotional distress at the time he committed the offense because he had witnessed the victim having sexual intercourse with another man. With respect to the exceptional cruelty enhancement factor, the defendant asserts that the trial court "embarked on a fact finding odyssey about what the jury may have been contemplating in reaching their verdict and the location where the injuries were inflicted -- inside or outside the residence." The State responds by arguing that this court must presume that the trial court's rulings were correct because the defendant failed to include the trial transcript in the record on appeal. We agree with the State.

In order to support a finding of exceptional cruelty, the record must demonstrate "a culpability distinct from and appreciably greater than that incident to the crime." State v. Spratt, 31 S.W.3d 587, 607 (Tenn. Crim. App. 2000) (citing State v. Poole, 945 S.W.2d 93, 98 (Tenn. 1997) (internal quotations omitted)). At the sentencing hearing, the trial court found that the injuries the defendant inflicted to the victim's neck and vagina occurred at a different place from the injuries that formed the basis for the aggravated assault and "were [the] result of cruelty and vindictiveness on the part of the defendant, well beyond what was necessary to constitute the aggravated assault."

"A sentence must be based on evidence in the record of the trial . . . ." Tenn. Code

Ann. § 40-35-210(f) (2006). On appeal, the defendant has "a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citing State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)). "Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue." Id. at 561. We, therefore, presume that the trial court's sentencing determinations in this case, including its application of the exceptional cruelty enhancement factor, were correct. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988).

Moreover, in our view, either the defendant's previous criminal convictions or his failure to comply with the conditions of a sentence involving release into the community, standing alone, would have been enough to justify the maximum sentence imposed by the trial court. We, therefore, affirm the defendant's ten-year sentence for aggravated assault.

We note that the trial court sentenced the defendant to concurrent terms of ten years for the aggravated assault conviction and eleven months, twenty-nine days for the misdemeanor reckless endangerment conviction but then stated that it was merging the reckless endangerment conviction into the aggravated assault conviction. When a defendant's convictions for aggravated assault and reckless endangerment arise out of the same conduct against the same victim, the reckless endangerment conviction must merge into the felony offense to avoid a violation of double jeopardy principles. See State v. Denton, 938 S.W.2d 373, 378 (Tenn. 1996); State v. Adams, 973 S.W.2d 224, 229 (Tenn. Crim. App. 1997). The judgment forms in this case, however, fail to reflect the merger and erroneously indicate that the defendant was found not guilty by reason of insanity of the rape offense. We, therefore, remand to the trial court for the entry of corrected judgments.

## CONCLUSION

Based on our review, we affirm the sentencing determinations of the trial court. However, we remand for entry of corrected judgments to reflect that the reckless endangerment conviction was merged into the aggravated assault conviction and that the defendant was found not guilty of the rape count of the indictment.

_____
ALAN E. GLENN, JUDGE

-6-